*McCay, Judge.
The record of this case is somewhat confused, but it *304 plainly appears that the affidavit and the warrant both only claimed a “forcible entry,” and that both of them stated this forcible entry to have taken place more than three years previous to the issuing of the writ. Not a word is said of any “forcible detainer.” On the trial before the magistrate, the defendant moved, in the first instance, to dismiss the writ, because it appeared that the forcible entry charged took place more than three years, etc. -The Court refused to dismiss, and required him to show that the entry did take place more than three years, etc. We think this was a fundamental error. The writ of forcible entry is a harsh process — a summary proceeding, and it ought, on its face, to make a case within the law. The statute says, in terms, that no one shall be dispossessed by this proceeding who has been three years in peaceable possession. In this case, the writ itself shows that the forcible entry does not come within the cases in which the magistrate may dispossess. Had there been in the writ any complaint of forcible detainer, it might have stood, but the statements of the writ are entirely consistent with a peaceful detention after the entry, more than three years before. It appears, too, by the proof, that the entry was under contract. Forcible detainer was the remedy, or both.
We think there was error in not sustaining the certiorari.
Judgment reversed.